FILED
FEB 29 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40055-12 |
| Plaintiff, | * |  |
| vs. | * | OPINION AND ORDER ON MOTIONS |
| FRANK BAKER, | * |  |
| Defendant. | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Government's Request for Disclosure, Doc. 153**

The Government's Request for Disclosure seeks discovery pursuant to Rule 16(b) and Rule 26.2 of the Federal Rules of Criminal Procedure. The parties are required to comply with the various rules, statutes and holdings of case law. Accordingly, the Government's Request for Disclosure is DENIED AS MOOT, subject to leave to reopen if discovery becomes disputed.

**Motion for Disclosure of Other Bad Acts Evidence, Doc. 458**

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motion for Disclosure of Other Acts is granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motion is DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994).

(Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Motion for Disclosure of Witness Inducements, Doc. 459

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### Defendant's First Motion in Limine, Doc. 460

Defendant's First Motion in Limine to Exclude Evidence of Other Crimes, Wrongs or Acts is deferred to the District Court for ruling.

### CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1. The Government's Request for Disclosure (Doc. 153) is DENIED AS MOOT.

2. Defendant's Motion for Disclosure of Other Bad Acts (Doc. 458) is GRANTED IN PART AND DENIED IN PART.

3. Defendant's Motion for Witness Inducements (Doc. 459) is GRANTED IN PART AND DENIED IN PART.

4. Defendant's First Motion in Limine is DEFERRED to the District Court.

5. The motion remaining for hearing on Thursday, March 6, 2008, at 9:00 a.m. as regards Defendant Frank Baker is: Defendant's Motion to Suppress Statements (Doc. 394).

Dated this 29 day of February, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____, Deputy

(SEAL)